IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**CHRIS CAHILL**                                                                                        **PLAINTIFF**

vs.                                              No. 2:21-cv-____

**RED CLAY TECHNOLOGY GROUP, INC.,**                            **DEFENDANT**
**RAYBURN C. WASHBURN, JR.,**
**and DAMON PORRILL**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Chris Cahill ("Plaintiff"), by and through his attorney Courtney Lowery of the Sanford Law Firm, PLLC, and for his Original Complaint against Red Clay Technology Group, Inc., Rayburn C. Washburn, Jr., and Damon Porrill (collectively "Defendant" or "Defendants"), he does hereby state and allege as follows:

### I.   PRELIMINARY STATEMENTS

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff lawful overtime compensation for hours worked in excess of forty hours per week.

2. Upon information and belief, for at least three years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra.*

## II.  JURISDICTION AND VENUE

3. The United States District Court for the Northern District of Alabama has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. The acts alleged in this Complaint had their principal effect within the Southern Division of the Northern District of Alabama, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.  THE PARTIES

5. Plaintiff is an individual and resident of Shelby County.

6. Separate Defendant Red Clay Technology Group, Inc. ("RCTG"), is a domestic, for-profit corporation.

7. RCTG's registered agent for service is Rayburn C. Washburn, Jr., at 2644 Old Rocky Ridge Road, Birmingham, Alabama 35216.

8. Separate Defendant Rayburn C. Washburn, Jr. ("Washburn"), is an individual and resident of Alabama.

9. Separate Defendant Damon Porrill ("Porrill") is an individual and resident of Alabama.

## IV.  FACTUAL ALLEGATIONS

10. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

11. Defendants own and operate an IT outsourcing company based in Birmingham.

12. Washburn is a principal, director, officer, and/or owner of RCTG.

13. Washburn took an active role in operating RCTG and in the management thereof.

14. Washburn, in his role as an operating employer of RCTG, had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined his work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

15. Washburn, at relevant times, exercised supervisory authority over Plaintiff in relation to his work schedule, pay policy and the day-to-day job duties that Plaintiff's jobs entailed.

16. Porrill is a principal, director, officer, and/or owner of RCTG.

17. Porrill took an active role in operating RCTG and in the management thereof.

18. Porrill, in his role as an operating employer of RCTG, had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined his work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

19. Porrill, at relevant times, exercised supervisory authority over Plaintiff in relation to his work schedule, pay policy and the day-to-day job duties that Plaintiff's jobs entailed.

20. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as computers and office supplies.

21. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

22. Defendant is an "employer" within the meanings set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

23. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

24. At all relevant times herein, Defendant directly hired Plaintiff to work at its facilities, paid him wages and benefits, controlled his work schedule, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

25. Defendant employed Plaintiff within the three years preceding the filing of this lawsuit.

26. Specifically, Plaintiff was employed by Defendant as a Network Engineer from January of 2012 until April of 2021.

27. Defendant classified Plaintiff as a salaried employee, exempt from the overtime requirements of the FLSA.

28. Plaintiff's primary job duties were to provide IT support for Defendant's clients.

29. Plaintiff's duties often required him to install hardware and software.

30. Plaintiff did not write code for or create software.

31. Plaintiff did not have the authority to hire, fire or evaluate other employees.

32. Plaintiff did not manage the enterprise or a customarily recognized department or subdivision of the enterprise.

33. Plaintiff did not exercise discretion or independent judgment as to matters of significance.

34. Plaintiff's work was rote and routine, and he was subject to the review of his immediate supervisor for work that was not routine.

35. Plaintiff's primary duty was not the application of systems analysis techniques and procedures to determine hardware, software or system functional specifications.

36. Plaintiff's primary duty was not the design, development, documentation, analysis, creation, testing or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications.

37. Plaintiff's primary duty was not the design, documentation, testing, creation or modification of computer programs related to machine operating systems.

38. Plaintiff regularly worked over forty hours per week.

39. Plaintiff estimates he regularly worked on average around 45 hours per week.

40. Defendant did not pay Plaintiff 1.5x his regular rate of pay for hours worked over 40 per week.

41. At all relevant times herein, Defendant has deprived Plaintiff of overtime compensation for all of the hours he worked over forty per week.

42. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

### V.   CAUSE OF ACTION—VIOLATION OF THE FLSA

43. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

44. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

45. At all times relevant to this Complaint, Defendant has been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

46. At all times relevant to this Complaint, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

47. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

48. At all times relevant times to this Complaint, Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

49. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of 1.5x his regular rate of pay for all hours worked over 40 each week.

50. Defendant's failure to pay Plaintiff all overtime wages owed was willful.

51. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VI.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Chris Cahill respectfully prays as follows:

A. That Defendant be summoned to appear and answer this Complaint;

B. That Defendant be required to account to Plaintiff and the Court for all monies paid to Plaintiff;

C. A declaratory judgment that Defendant's practices alleged herein violate the FLSA;

D. Judgment for damages for all unpaid overtime wage compensation owed under the FLSA;

E. Judgment for liquidated damages pursuant to the FLSA;

F. An order directing Defendant to pay Plaintiff prejudgment interest, reasonable attorney's fees and all costs connected with this action;

G. For a reasonable attorney's fee, costs, and interest; and

H. Such other relief as this Court may deem just and proper.

                Respectfully submitted,

                **PLAINTIFF CHRIS CAHILL**

                SANFORD LAW FIRM, PLLC
                Kirkpatrick Plaza
                10800 Financial Centre Parkway, Suite 510
                Little Rock, Arkansas 72211
                Telephone: (501) 221-0088
                Facsimile: (888) 787-2040

                */s/ Courtney Lowery*
                Courtney Lowery
                Ala. Bar No. 4047-v46j
                courtney@sanfordlawfirm.com